CAMPBELL, Judge,
dissents with opinion.
The subject of this appeal is a final judgment which provides in pertinent part as follows:
This action was tried before the court. On the evidence presented, the court makes the following findings of fact and conclusions of law:
1.Plaintiff in this case is CYNTHIA S. REICHARD, the daughter of JOHN Q. ADAMS, III, deceased. CYNTHIA was born of the marriage between JOHN and MAXINE L. ADAMS. JOHN and MAXINE were divorced on January 27, 1978, by the Pinellas County Circuit Court in Case Number 75-10771-9. The property settlement approved in the dissolution action contained the following provision:
8. Will and Estate: The Husband does hereby agree to make the daughter born as issue of said marriage a beneficiary of one-half (½) of his Estate, and he agrees to make a Will providing the same, and that he shall furnish to the Wife a copy of said Will, and the husband further agrees that he will not diminish his probate Estate by way of inter vivos gifts to others other than said daughter. In the event the Husband places any of his assets in an inter vivos trust, the daughter shall be a beneficiary of at least fifty percent (50%) thereof.
2. Defendant, HELEN L. ADAMS, married JOHN in July, 1981, and they remained married until the death of JOHN on January 17, 1989. During his marriage to HELEN, JOHN made a new will excluding CYNTHIA and leaving everything to HELEN. No probate of JOHN’S estate was necessary in that all of JOHN’S assets had been made joint with HELEN prior to his death.
3. The assets in dispute and the valuations on the date of JOHN’S death total $321,000 and consist of the following:
a. Prudential-Bache retirement account valued at $279,000.
b. Sun Island condominium with an equity of $34,000.
c. North Carolina property with an equity of $8,000.
4. All of these assets are traceable to JOHN. They were placed in joint names with HELEN after his marriage to her.
5. The court finds that under the terms of the Last Will and Testament of JOHN Q. ADAMS, III, that plaintiff is entitled to the imposition of a constructive trust over fifty percent (50%) of the previously listed accounts and properties *701 now identified and valued for the purpose of distribution between the parties in the amount of $160,500 as follows:
a. Prudential-Bache retirement account valued at $139,500.
b. Sun Island condominium with an equity of $17,000.
c. The North Carolina property with an equity of $4,000.
6. The court finds that the aforesaid account and properties are subject to imposition of a constructive trust for the benefit of the plaintiff.
7. The plaintiff as beneficiary, upon the death of her father, JOHN Q. ADAMS, III, received a $100,000 death benefit from a policy of life insurance on the life of JOHN Q. ADAMS, III.
8. Due to the receipt by plaintiff of the $100,000 life insurance policy proceeds, the defendant is entitled to a set-off of $100,000 to apply against the aforesaid $160,500 claim held by plaintiff in the form of a constructive trust over the listed properties and accounts.
9. The $160,500 constructive trust for the benefit of the plaintiff against the defendant after imposition of a $100,000 setoff as aforesaid is reduced to $60,500.
10. The remaining sum of $60,500 shall be paid forthwith to plaintiff in cash from the Prudential-Bache account of defendant, HELEN L. ADAMS.
11. The payment by the defendant to the plaintiff of $60,500 shall be in full satisfaction of all claims between the parties.
12. This being a court of equity, the court retains jurisdiction to enforce the provisions of this judgment.
John Q. Adams, III purchased the $100,-000 life insurance policy with his daughter, appellee/cross-appellant, Cynthia Reichard, as the beneficiary after his marriage to appellant/cross-appellee Helen Adams. At that same time, Mr. Adams also purchased a $60,000 life insurance policy with Helen Adams as the beneficiary. The trial judge failed to consider Helen’s policy when arriving at the results reached in the final judgment. I conclude that if the proceeds of Cynthia’s policy is properly set off from her one-half share of Mr. Adams’ estate, then the proceeds of Helen’s policy should also have been set off against her one-half share of Mr. Adams’ estate. I would, therefore, affirm on the appeal and reverse on the cross-appeal. I would modify the final judgment to reflect the set off of Helen’s insurance proceeds from her one-half share of the estate and remand for any further proceedings necessary.